IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KALINA SCOLLON,

    Plaintiff,

v.  No.

VOLT PROPERTIES CAMINO, LLC, and
PROCOLLECT, INC.,

    Defendants.

## COMPLAINT FOR DAMAGES AND JURY DEMAND

1. Plaintiff Kalina Scollon leased an apartment from Defendant Volt Properties Camino, LLC d/b/a Camino Real Apartments.

2. After a little over a year, Ms. Scollon properly terminated her lease and moved out.

3. Camino Real continued renting the apartment to Ms. Scollon's co-tenant, Jesse Miller.

4. A year later, when Mr. Miller fell behind on rent and incurred other charges, Camino Real aggressively demanded payment from Ms. Scollon.

5. Camino Real hired Defendant ProCollect, Inc., to collect on its behalf.

6. Camino Real made derogatory reports to Ms. Scollon's credit and continued to do so even after Ms. Scollon properly disputed the information.

7. Ms. Scollon brings claims against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the New Mexico Unfair Practices Act ("UPA"), NMSA § 57-12-1 *et seq.,* and for tortious breach of contract, and tortious debt collection.

## Parties, Jurisdiction and Venue

8. Plaintiff Kalina Scollon is an individual residing in Rio Rancho, New Mexico. She is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c). She is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. Defendant Volt Properties Camino, LLC, d/b/a Camino Real Apartments ("Camino Real") is a domestic limited liability company that owns and operates apartment buildings in Albuquerque.

10. Defendant ProCollect, Inc. ("ProCollect"), is a foreign corporation that collects debts on behalf of Camino Real and others.

11. ProCollect is not licensed to conduct business in New Mexico as a collection agency, as required pursuant to New Mexico's Collection Agency Regulatory Act ("CARA"), NMSA § 61-18A-1 *et seq*.

12. ProCollect is a "debt collector," as defined by 15 U.S.C. § 1692a(6), because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. ProCollect is a is a "furnisher of information" as defined by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b). ProCollect regularly and in the ordinary course of its business furnishes information to one or more consumer reporting agencies about its consumer transactions.

14. The conduct set forth in this Complaint occurred in the regular course of Camino Real and ProCollect's trade or commerce.

15. This Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p; the FDCPA, 15 U.S.C. § 1692k(d); and under 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this complaint occurred within the district.

### Facts

17. On September 4, 2017, Ms. Scollon entered into an Apartment Lease Contract ("the Lease") with Camino Real. *See* Exhibit 1.

18. Dalen Carr and Jesse Miller were also parties to the lease.

19. The Lease stated that its term began on September 8, 2017 and ended on August 27, 2018.

20. The Lease automatically renewed as a month-to-month agreement unless 60 days' written notice was provided.

21. If the Lease became a month-to-month agreement, then only 30 days' written notice was required to terminate.

22. Ms. Scollon moved into the Camino Real apartment ("the Apartment") on or about September 8, 2017.

23. In April of 2018, Ms. Scollon moved out of the Apartment.

24. Mr. Carr had already moved out and only Mr. Miller remained in the Apartment.

25. Because the Lease had not expired, Ms. Scollon continued paying through July of 2018.

26. On September 27, October 5, and October 19, 2018, Ms. Scollon sent written notices to Camino Real giving notice that she was terminating her lease. *See* Exhibit 2, 3, and 4.

27. Camino Real received Exhibits 2, 3, and 4.

28. In the meantime, Mr. Miller continued to live in the Apartment.

29. Mr. Miller continued to paid the full rent for the Apartment for months after even the latest of Ms. Scollon's written termination notices were effective.

30. At some point in late 2019, Mr. Miller fell behind on rent. He moved out of the Apartment after Camino Real threatened eviction.

31. Camino Real took the position that it was owed $1,331 relating to the Apartment.

32. Ms. Scollon had moved out more than a year before and owed Camino Real nothing.

33. Camino Real contacted Ms. Scollon and she explained what had happened.

34. Camino Real hired ProCollect to collect the $1,331 from Ms. Scollon, despite the fact that it knew Ms. Scollon did not owe it anything.

35. ProCollect reported the Camino Real debt to credit reporting agencies Equifax, Experian, and Trans Union, harming Ms. Scollon's credit reputation.

36. ProCollect acted as Camino Real's agent with respect to all credit reporting concerning Ms. Scollon.

37. In December of 2020, Ms. Scollon sent dispute letters to Equifax, Experian, and Trans Union, disputing ProCollect's negative and false reporting of the debt to Camino Real, and asked Equifax, Experian, and Trans Union to conduct a reinvestigation, pursuant to 15 U.S.C. § 1681i(a). *See* Exhibits 5, 6, and 7.

38. Ms. Scollon enclosed with her dispute letters proof that she did not owe money to Camino Real.

39. Equifax, Experian, and Trans Union received the dispute letters and provided ProCollect with the dispute.

40. ProCollect willfully failed to conduct a reasonable reinvestigation, as required by the FCRA, 15 U.S.C. § 1681i(a) and 1681s-2(b).

41. In the alternative, ProCollect negligently failed to conduct a reasonable reinvestigation, as required by the FCRA, 15 U.S.C. § 1681i(a) and 1681s-2(b).

42. ProCollect verified as accurate to Equifax, Experian, and Trans Union that Ms. Scollon owed the debt, which was a willful, and malicious misrepresentation.

43. ProCollect continued to make derogatory reports to Equifax, Experian, and Trans Union, and the credit reporting agencies continued to include this false information in Ms. Scollon's consumer reports.

44. Camino Real continued in its efforts to collect from Ms. Scollon.

45. Ms. Scollon faces irreparable injury should Camino Real and ProCollect continue pursuing Ms. Scollon for the debt, harassing her, threatening her finances, and harming her credit.

46. Ms. Scollon was damaged by Defendants' misconduct.

47. As a result of the false information on her credit report, Ms. Scollon's credit reputation was injured.

48. Ms. Scollon also lost time and incurred various out of pocket expenses.

49. Defendants' conduct caused aggravation, frustration, humiliation, and other emotional distress to Ms. Scollon.

50. Defendants' conduct was malicious, willful, reckless, wanton, fraudulent, and in bad faith.

51. Upon information and belief, Defendants' actions are part of a pattern of similar misconduct, justifying an award of punitive damages.

## Jury Demand

52. Plaintiff hereby demands trial by a six-person jury on all issues so triable.

## First Claim for Relief: Violations of the FCRA by ProCollect and Camino Real

53. ProCollect failed to review and consider all relevant information submitted by Ms. Scollon.

54. ProCollect failed to conduct a genuine and reasonable reinvestigation in response to Ms. Scollon's disputes.

55. ProCollect failed to report to Equifax, Experian, and Trans Union that the information it reported about the account is inaccurate.

56. ProCollect persisted in reporting information that it knew or should have known to be inaccurate and damaging.

57. ProCollect's actions are willful or, in the alternative, negligent, violations of the FCRA, including 15 U.S.C. § 1681s-2(b).

58. ProCollect acted as Camino Real's agent in the foregoing conduct.

59. Ms. Scollon is entitled to actual damages, statutory damages and punitive damages, costs and reasonable attorney fees.

### Second Claim for Relief: Violations of the Unfair Practices Act by Camino Real and ProCollect

60. The foregoing transaction occurred in the regular course of Defendants Camino Real and ProCollect's trade or commerce, and their actions are subject to the New Mexico Unfair Practices Act ("UPA").

61. The foregoing actions of Defendants constitute unfair or deceptive trade practices, within the meaning of the UPA, NMSA §57-12-2.

62. Defendants willfully engaged in these unlawful trade practices.

63. As a result of Defendants' violations of the UPA, Ms. Scollon is entitled to recover actual or statutory damages, trebled, plus costs and reasonable attorney's fees.

64. Ms. Scollon is also entitled to an injunction barring Camino Real and ProCollect from continuing to collect on the alleged debt, including making derogatory reports to her credit, and barring ProCollect from engaging in further unlawful debt collection activities.

### Third Claim for Relief: Tortious Breach of Contract by Camino Real

65. Camino Real's actions constitute a breach of its contract with Ms. Scollon.

66. Camino Real's breach was willful and constituted a breach of the covenant of good faith and fair dealing.

67. Ms. Scollon is entitled to actual damages and punitive damages.

### Fourth Claim for Relief: Tortious Debt Collection by Camino Real and ProCollect

68. Camino Real and ProCollect's actions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

69. Plaintiff is entitled to recover actual damages and punitive damages.

### Fifth Claim for Relief: Violation of the Fair Debt Collection Practices Act by ProCollect

70. The foregoing actions of Defendant ProCollect violated the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, and 1692f.

71. Plaintiff and the class are entitled to recover damages, costs and reasonable attorney fees. 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff prays that this Court:

A. Award actual, statutory, and punitive damages as set forth herein;

B. Provide injunctive relief as set forth herein;

C. Order declaratory relief that Ms. Scollon owes nothing to Camino Real or its collection agencies;

D. Award costs and attorney's fees; and

E. Award such other relief as this Court deems just.

Respectfully submitted,

FEFERMAN, WARREN & MATTISON

*/s/ Nicholas H. Mattison*
Nicholas H. Mattison
Attorneys for Plaintiff
300 Central Avenue S.W., Suite 2000 West
Albuquerque, N.M. 87102
(505) 243-7773
(505) 243-6663 fax
nmattison@nmconsumerwarriors.com
Attorneys for Plaintiff